## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT EARL EDWARDS**, | : | CIVIL ACTION NO. 1:12-CV-432 |
| | : | |
| Petitioner, | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| **H.L. HUFFORD**, **WARDEN**, | : | |
| | : | |
| Respondent | : | |

### **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Robert Earl Edwards ("Edwards"), a federal inmate incarcerated at the Federal Prison Camp at Schuylkill, Minersville, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

**I.  Background**

On January 8, 2002, Edwards was charged, along with fifteen co-defendants, in a superseding indictment which included thirteen counts overall. See electronic docket, United States v. Garcia, S.D. Tex. Civil Action No. 5:01-cr-01174, Docs. 9, 656, obtained *via* http://www.pacer.gov). On September 19, 2002, he was convicted by a jury of conspiracy to possess more than 1000 kilograms of marijuana with intent to distribute, aiding and abetting the possession of more than 100 kilograms

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

of marijuana with intent to distribute, and conspiracy to launder money. United States v. Giddings, No. 03-40421, 2004 WL 1814091 (5th Cir. Aug. 16, 2004); See electronic docket, United States v. Garcia, S.D. Tex. Civil Action No. 5:01-cr-01174, Doc. 656). His sentence and conviction were affirmed on appeal. He sought, and the United States Supreme Court granted, a writ of certiorari. The Supreme Court vacated the judgment and remanded the case for further consideration in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Edwards, 132 F. App'x 535, 536 (5th Cir. 2005). On remand, the United States Court of Appeals for the Fifth Circuit concluded that there was nothing in the Booker decision that required altering the original sentence and conviction. Id.) Consequently the judgment affirming the conviction and sentence was reinstated. Id. at 536-37.

He filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on June 26, 2006. See electronic docket, United States v. Garcia, S.D. Tex. Civil Action No. 5:01-cr-01174, Doc. 632. The motion was denied on July 17, 2006. Id. at Doc. 636. On September 12, 2006, he appealed. Id. at Doc. 639 On August 14, 2008, the Fifth Circuit affirmed the judgment of the district court. Id. at Doc. 656.

The instant petition was filed on March 8, 2012. (Doc. 1.) Edwards is "claiming his innocence of the money laundering conviction and serving 192 months of imprisonment. This claim of innocent being made in light of the Supreme Court decision, United States vs. Santos, 553 U.S. 507, 128 S.Ct. 2020, 170 L.Ed.2d (2008); and Cuellar v. United States, 553 U.S. 550, 128 S.Ct (2008)." (Doc. 1, at 1.)

## II.     **Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971).

Although petitioner's claims fall within the purview of § 2255, there is no indication in the record that he sought permission to file a second or successive § 2255 motion as required by 28 U.S.C. § 2244(b)(3)(A).  He has made no showing that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence.  Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255.  Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        May 1, 2012

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROBERT EARL EDWARDS**, | : | **CIVIL ACTION NO. 1:12-CV-432** |
| Petitioner, | : | (Judge Conner) |
| v. | : | |
| **H.L. HUFFORD**, **WARDEN**, | : | |
| Respondent | : | |

## **ORDER**

AND NOW, this 1st day of May, 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge